| From: | CACD ECFMAIL |
|---|---|
| To: | ECFNEF |
| Subject: | Activity in Case 8:20-cr-00088-JLS USA v. Mohammad Notice to Receiving District of Criminal Case Transfer |
| Date: | Friday, March 22, 2024 9:42:25 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

```
┌─────────────────────────────┐
│           FILED             │
│        Mar 27, 2024         │
│   CLERK, U.S. DISTRICT COURT │
│ EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

## Notice of Electronic Filing

The following transaction was entered on 3/22/2024 at 9:41 AM PDT and filed on 3/22/2024

| | |
|---|---|
| **Case Name:** | USA v. Mohammad |
| **Case Number:** | 8:20-cr-00088-JLS |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Notice to USDC, Southern District of California at Sacramento of a Transfer of Jurisdiction as to Defendant Kais Mohammad. Your case number is: 2:24-cr-00063 TLN. The clerk will transmit any restricted documents via email. If you require a copy of the financial ledger, please email your request to the Fiscal Department. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: [60] Probation/Supervised Release Jurisdiction Transfer-Out (PO-22). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov. (jp)**

**8:20-cr-00088-JLS-1 Notice has been electronically mailed to:**

Hagop Kuyumjian    hk@tkflaw.com

Ian Yanniello    ian.yanniello@usdoj.gov, USACAC.Criminal@usdoj.gov

Michael A. Goldstein    mg@goldsteinlawgroup.com

**8:20-cr-00088-JLS-1 Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

✎PROB 22
(Rev.  2/88)

| | |
|---|---|
| **F I L E D**<br>CLERK, U.S. DISTRICT COURT<br>03/22/2024<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ DVE _____ DEPUTY | DOCKET NUMBER *(Tran. Court)*<br>8:20-CR-00088-JLS-1 |

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Rec. Court)*
2:24-cr-0063 TLN

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT<br>Central of California | DIVISION<br>Western |
|---|---|---|
| Mr. Kais Mohammad<br><br>**FILED**<br>**Mar 21, 2024**<br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>Folsom, CA | NAME OF SENTENCING JUDGE<br>Josephine L. Staton | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM<br>January 9, 2023 |
| | | TO<br>January 8, 2025 |

OFFENSE
18 USC 1960(a),(b)(1)(C): Operating an Unlicensed Money Transmitting Business; 18 USC 1956(a)(3)(B): Laundering of Monetary Instrument; 31 USC 5318(h), 5322(a): Failure to Maintain an Effective Anti-Money Laundering Program

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE          CENTRAL          DISTRICT OF          CALIFORNIA

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the <u>Eastern District of California</u> upon that Court's order of acceptance of jurisdiction.   This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| | |
|---|---|
| <u>October 31, 2023</u><br>*Date* | JOSEPHINE L. STATON<br>*United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE          Eastern          DISTRICT OF          California

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| | |
|---|---|
| <u>03/21/2024</u><br>*Effective Date* | Troy L. Nunley<br>United States District Judge |

**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    SACR 20-00088-JLS-1 |

**Defendant**    Kais Mohammad

akas:    Superman29; Herocoin

**Social Security No.**  6    8    1    0

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 05 | 28 | 2021 |

**COUNSEL**    Michael Goldstein (Rtd); Hagop Kuyumjian (Rtd)

(Name of Counsel)

**PLEA**    ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    ☐ **NOLO CONTENDERE**    ☐ **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. §§ 1960(a), (b)(1)(C) as charged in Count 1 of the Information; Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(3)(B) as charged in Count 2 of the Information; and Failure to Maintain an Effective Anti-Money Laundering Program in violation of 31 U.S.C. §§ 5318(h), 5322(a) as charged in Count 3 of the Information.

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **24 MONTHS:**

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kais Mohammad, is hereby committed on Counts 1, 2, and 3 of the Information to be imprisoned for a term of 46 months.  This term consists of 46 months on each of Counts 1, 2, and 3, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years. This term consists of two years on each of Counts 1, 2, and 3, all such terms to run concurrently under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

USA vs.  Kais Mohammad                                    Docket No.:    SACR 21-00088-JLS-1

2.  During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

4.  As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns and a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income, and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

5.  The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

6.  The defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

7.  The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

8.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

9.  The defendant shall maintain, at most, one virtual currency wallet, and that one wallet shall be used for all personal transactions. The defendant shall not obtain or open any virtual currency wallets/accounts without prior approval of the Probation Officer. All virtual currency transactions, along with any virtual currency wallet Extended Public Keys (XPUB), shall be disclosed to the Probation Officer upon request. The defendant shall be limited to only using and possessing open public blockchain virtual currencies and restricted from using privacy-based blockchain virtual currencies, unless prior approval is obtained from the Probation Officer.

10. The defendant shall comply with the Internal Revenue Service's reporting requirements as they pertain to virtual currencies and shall provide proof of having done so to the Probation Officer.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on Tuesday, September 7, 2021. In the absence of such designation, the defendant shall report on or

Case 2:24-cr-00063-TLN    Document 2    Filed 03/27/24    Page 5 of 23

USA vs.  Kais Mohammad                    Docket No.:    SACR 21-00088-JLS-1

before the same date and time to the United States Marshal located at the United States Court House, 411 West Fourth Street, Suite 4170, Santa Ana, California 92701-4516.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court recommends that the defendant be housed in a Northern California facility to facilitate visitation with family, friends, and loved ones.  To the extent the Bureau of Prisons deems it appropriate, the Court further recommends Defendant be housed in a minimum security facility.

Bond is exonerated upon surrender.

The Court advised the defendant of his/her right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

May 28, 2021May 28, 2021
_____
Date

_____
U. S. District Judge Josephine L. Staton

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

_____
Filed Date

By    M. Kunig
_____
Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   Kais Mohammad                                    Docket No.:    SACR 21-00088-JLS-1

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

USA vs.   Kais Mohammad                              Docket No.:   SACR 21-00088-JLS-1

[X]  The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts.  Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.  Kais Mohammad                                    Docket No.:   SACR 21-00088-JLS-1

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date                                    Deputy Marshal

USA vs.   Kais Mohammad                                          Docket No.:    SACR 21-00088-JLS-1

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____                    By    _____
    Filed Date                                                        Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
              Defendant                                                              Date

_____        _____
U. S. Probation Officer/Designated Witness                           Date

1

2

3

4

**FILED**
CLERK, U.S. DISTRICT COURT

07/22/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. **8:20-cr-00088-JLS**

11          Plaintiff,                  I N F O R M A T I O N

12          v.                          [18 U.S.C. §§ 1960(a), (b)(1)(C):
                                        Operating an Unlicensed Money
13   KAIS MOHAMMAD,                     Transmitting Business; 18 U.S.C.
       aka "Superman29" and            § 1956(a)(3)(B): Laundering of
14        "Herocoin,"                   Monetary Instruments; 31 U.S.C.
                                        §§ 5318(h), 5322(a): Failure to
15          Defendant.                  Maintain an Effective Anti-Money
                                        Laundering Program; 18 U.S.C.
16                                      § 982 and 28 U.S.C. § 2461(c):
                                        Criminal Forfeiture]
17

18        The United States Attorney charges:

19                             COUNT ONE

20               [18 U.S.C. §§ 1960(a), (b)(1)(C)]

21        Beginning in or about January 2015, and continuing until on or

22   about November 20, 2019, in Los Angeles, Orange, Riverside, and San

23   Bernardino Counties, within the Central District of California, and

24   elsewhere, defendant KAIS MOHAMMAD, also known as "Superman29" and

25   "Herocoin," knowingly conducted, controlled, managed, supervised,

26   directed, and owned an unlicensed money transmitting business

27   affecting interstate and foreign commerce, namely, a virtual currency

28   exchange business, that involved the transportation or transmission

of funds that were known to defendant MOHAMMAD to have been derived from a criminal offense or were intended to be used to promote or support unlawful activity.

1
2

COUNT TWO

[18 U.S.C. § 1956(a)(3)(B)]

3      On or about August 28, 2019, in Orange County, within the
4  Central District of California, defendant KAIS MOHAMMAD, also known
5  as "Superman29" and "Herocoin," with the intent to conceal and
6  disguise the nature, location, source, ownership, and control of
7  property believed to be the proceeds of specified unlawful activity,
8  that is, foreign transportation for prostitution in violation of
9  Title 18, United States Code, Section 2421, knowingly conducted a
10 financial transaction, affecting interstate commerce, involving
11 property represented by an authorized agent of the United States
12 government to be proceeds of specified unlawful activity, that is,
13 foreign transportation for prostitution, namely, the exchange of
14 $16,000 in United States dollars, for approximately 1.58592 Bitcoin,
15 inclusive of fees (Blockchain transaction ID
16 131a4c9e37c8722e2506aa00573a0ee8b253eebfbecdc3d4873e1a46ca3ecee9).
17
18
19
20
21
22
23
24
25
26
27
28

COUNT THREE

[31 U.S.C. §§ 5318(h), 5322(a)]

Beginning in or about May 2015, and continuing until in or about November 20, 2019, in Los Angeles, Orange, Riverside, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant KAIS MOHAMMAD, also known as "Superman29" and "Herocoin," willfully violated the Bank Secrecy Act, Title 31, United States Code, Sections 5318(h) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1022.210(a), by failing to develop, implement, and maintain an effective anti-money laundering program for his virtual currency exchange business.

Specifically, defendant MOHAMMAD willfully failed to implement and maintain effective policies, procedures, and internal controls for: (1) verifying customer identification, in particular as to customers exchanging in excess of $10,000 in currency in a single day as required by the Bank Secrecy Act; (2) filing Currency Transaction Reports for currency transactions in excess of $10,000, conducted by or on behalf of the same person on the same day; and (3) filing Suspicious Activity Reports for transactions over $2,000 involving funds that defendant knew, suspected, or had reason to suspect that the transaction involved use of the money services business to facilitate criminal activity.

Defendant MOHAMMAD took actions designed to prevent the implementation and maintenance of an effective anti-money laundering program, in that he: (1) failed to file currency transaction reports as required for currency transactions exceeding $10,000 that were conducted by or on behalf of the same person on the same day;

4

(2) failed to file suspicious activity reports for transactions over $2,000 that he knew, suspected, and had reason to suspect that the transaction involved use of his business to facilitate criminal activity, namely, drug trafficking; and (3) operated kiosks by which customers could conduct suspicious virtual currency transactions and transactions exceeding $10,000 in the same day without providing any form of identification.

FORFEITURE ALLEGATION

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in either of Counts One or Two of this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an

6

1  intermediary who handled but did not retain the property in the

2  course of the money laundering offense unless the defendant, in

3  committing the offense or offenses giving rise to the forfeiture,

4  conducted three or more separate transactions involving a total of

5  $100,000 or more in any twelve-month period.

6

7                          NICOLA T. HANNA
                           United States Attorney

8

9                          Scott M. Garringer
                           Deputy Chief, Criminal Division For:

10                         BRANDON D. FOX
                           Assistant United States Attorney

11                         Chief, Criminal Division

12                         CAROL A. CHEN
                           Assistant United States Attorney

13                         Chief, International Narcotics, Money
                             Laundering, and Racketeering Section

14

15                         PUNEET V. KAKKAR
                           Assistant United States Attorney
                           Deputy Chief, International Narcotics, Money

16                           Laundering, and Racketeering Section

17

18

19

20

21

22

23

24

25

26

27

28

ALLDIV,CLOSED,PASPRT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
# CRIMINAL DOCKET FOR CASE #: 8:20-cr-00088-JLS All Defendants

Case title: USA v. Mohammad

Date Filed: 07/22/2020

Date Terminated: 05/28/2021

Assigned to: Judge Josephine L. Staton

**Defendant (1)**

| | | |
|---|---|---|
| **Kais Mohammad** | represented by | **Hagop Kuyumjian** |
| *TERMINATED: 05/28/2021* | | The Kuyumjian Firm APC |
| *also known as* | | 515 South Flower Street, Suite 1900 |
| Superman29 | | Los Angeles, CA 90071 |
| *TERMINATED: 05/28/2021* | | 213-785-3207 |
| *also known as* | | Fax: 213-236-3781 |
| Herocoin | | Email: hk@tkflaw.com |
| *TERMINATED: 05/28/2021* | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**Michael A. Goldstein**
Goldstein Law Group
1645 Vine Street Suite 809
Los Angeles, CA 90028
323-461-2000
Fax: 323-446-7372
Email: mg@goldsteinlawgroup.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1960(a),(b)(1)(C)OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS (1) | Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General |

Order 20-04. Special assessment of 300. All fines are waived

18:1956(a)(3)(B) LAUNDERING OF MONETARY INSTRUMENTS
(2)

Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of 300. All fines are waived

31:5318(h),5322(a) FAILURE TO MAINTAIN AN EFFECTIVE ANTI-MONEY LAUNDERING PROGRAM
(3)

Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of 300. All fines are waived

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

None

**Plaintiff**

**USA**                                    represented by   **Ian Yanniello**
AUSA - Office of US Attorney
General Crimes Section
312 North Spring Street Suite 1200
Los Angeles, CA 90012
213-894-3667
Fax: 213-894-2927
Email: ian.yanniello@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Puneet V Kakkar**
AUSA - Office of the US Attorney
Intl Narcotics Money Laundering and Racketeering Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-5728
Fax: 213-894-0142
Email: puneet.kakkar@usdoj.gov
*TERMINATED: 01/13/2021*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2020 | 1 | INFORMATION filed as to Kais Mohammad (1) count(s) 1, 2, 3. Offense occurred in OC, LA, RV, SB. (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 4 | CASE SUMMARY filed by AUSA Puneet V Kakkar as to Defendant Kais Mohammad; defendants Year of Birth: 1984 (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 5 | MEMORANDUM filed by Plaintiff USA (See attachment) (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 6 | MEMORANDUM filed by Plaintiff USA (See attachment) (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 7 | PLEA AGREEMENT filed by Plaintiff USA as to Defendant Kais Mohammad (ja) (Entered: 07/27/2020) |
| 07/30/2020 | 9 | Summons Returned Executed on 7/28/2020 as to Kais Mohammad (ja) (Entered: 07/31/2020) |
| 08/14/2020 | 10 | (Attorney Hagop Kuyumjian added to party Kais Mohammad(pty:dft))(Kuyumjian, Hagop) (Entered: 08/14/2020) |
| 08/14/2020 | 11 | (Attorney Michael A Goldstein added to party Kais Mohammad(pty:dft))(Goldstein, Michael) (Entered: 08/14/2020) |
| 08/14/2020 | 12 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Goldstein, Michael) (Entered: 08/14/2020) |
| 08/17/2020 | 13 | MINUTES OF INFORMATION HEARING held before Magistrate Judge Jean P. Rosenbluth as to Defendant Kais Mohammad. Attorney: Michael A Goldstein, Retained, present. Court orders bail set as: Kais Mohammad (1) $15,000 Appearance Bond, SEE ATTACHED BOND FOR TERMS AND CONDITIONS. Defendant Ordered to report to USM for processing. PIA held; see separate minutes. Waiver of Indictment executed. Court Reporter: Miriam Baird. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 14 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Kais Mohammad. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 15 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 16 | WAIVER OF INDICTMENT by Defendant Kais Mohammad before Magistrate Judge Jean P. Rosenbluth (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 18 | MINUTES OF POST-INDICTMENT ARRAIGNMENT: held before Magistrate Judge Jean P. Rosenbluth as to Defendant Kais Mohammad (1) Count 1,2,3. Defendant arraigned, states true name: As charged. Attorney: Michael A. Goldstein, Retained present. Case assigned to Judge Josephine L. Staton. Counsel are ordered to contact the court clerk regarding the setting of dates for the guilty plea and all further proceedings. Court Reporter: Miriam Baird. (tba) (Entered: 08/20/2020) |
| 08/19/2020 | 17 | UNREDACTED AFFIDAVIT OF SURETIES filed by Defendant Kais Mohammad (Kuyumjian, Hagop) Modified on 8/20/2020 (jgu). (Entered: 08/19/2020) |
| 08/19/2020 | 21 | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $15,000 by surety: Aqeel Mohammad RE Arrest on Indictment - Initial Appearance, 13 . Filed by Defendant Kais Mohammad. (jgu) (Entered: 08/20/2020) |

| 08/20/2020 | 19 | SCHEDULING NOTICE by Judge Josephine L. Staton as to Defendant Kais Mohammad. Change of Plea Hearing set for 9/24/2020 at 3:00 p.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 08/20/2020) |
|---|---|---|
| 08/20/2020 | 20 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Attachments: # 1 Stipulation re Request for Findings of Fact Pursuant to CARES Act, # 2 Proposed Order)(Kuyumjian, Hagop) (Entered: 08/20/2020) |
| 08/21/2020 | 22 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Kuyumjian, Hagop) (Entered: 08/21/2020) |
| 08/21/2020 | 25 | PASSPORT RECEIPT from U. S. Pretrial Services as to Defendant Kais Mohammad. USA passport was received on 8/21/2020. (ja) (Entered: 08/25/2020) |
| 08/24/2020 | 23 | ORDER by Judge Josephine L. Staton as to Defendant Kais Mohammad, re: Consent to Video/Telephonic Conference and/or Waiver of Presence (CR-29) 22 . (jp) (Entered: 08/24/2020) |
| 08/24/2020 | 24 | DECLARATION RE: PASSPORT filed by Defendant Kais Mohammad, declaring that my passport and any other travel documents are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (Kuyumjian, Hagop) (Entered: 08/24/2020) |
| 08/25/2020 | 26 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Kais Mohammad conditions of release: $15,000 Appearance Bond approved by Magistrate Judge Alka Sagar. (ja) (Entered: 09/02/2020) |
| 09/24/2020 | 27 | AMENDED SCHEDULING NOTICE by Judge Josephine L. Staton: as to Defendant Kais Mohammad: Change of Plea Hearing previously set for Thursday, September 24, 2020 at 3:00 p.m. is reset to Tuesday, September 29, 2020 at 11:00 a.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 09/24/2020) |
| 09/28/2020 | 28 | ORDER RE CRIMINAL PROCEEDINGS for cases assigned to Judge Josephine L. Staton (mku) (Entered: 09/28/2020) |
| 09/29/2020 | 29 | MINUTES OF Change of Plea Hearing held before Judge Josephine L. Staton: as to Defendant Kais Mohammad: Upon agreement of Defendant and counsel, and with the Courts permission, the hearing is held by videoconference. Defendant, counsel, the Court, and court staff all appear by videoconference. Defendant sworn and states true name. The Defendant pleads GUILTY to Three-Count Information. The plea agreement is incorporated herein by reference. The Court questions the defendant regarding plea of GUILTY and finds that a factual basis has been laid and further finds the plea is knowledgeable and voluntarily made. The Court orders the plea accepted and entered. The Court refers the defendant to the Probation Office for investigation and report. Sentencing set for January 29, 2021 at 11:30 a.m. Further, sentencing position papers are to be filed with the Court no later than three (3) weeks before the date of sentencing, including service on the assigned U.S. Probation Officer. Defendant remains on bond under same terms and conditions. Court Reporter: Deborah Parker; AUSA: Puneet Kakkar; Defense Attorney: Michael Goldstein (Rtd), Hagop Kuyumjian (Rtd); Courtroom Deputy: Melissa Kunig; Time in Court: 1:00. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. (mku) (Entered: 09/29/2020) |
| 12/22/2020 | 32 | STIPULATION to Continue Sentencing Proceeding from January 29, 2021 to March 30, 2021 filed by Defendant Kais Mohammad (Attachments: # 1 Proposed Order |

(Kuyumjian, Hagop) (Entered: 12/22/2020)

| 12/29/2020 | 33 | ORDER Re Stipulated Request for Continuance 32 by Judge Josephine L. Staton as to Defendant Kais Mohammad. The Sentencing proceeding currently set for 1/29/2021 at 11:30 AM., shall be continued to 4/23/2021 at 11:30 AM. Sentencing position papers, including any expert disclosures and expert reports, shall be filed with the Court no later than three (3) weeks before 4/23/2021. Reply briefs to the sentencing positions shall be filed no later than two (2) weeks before 4/23/2021. (jp) (Entered: 12/29/2020) |
|---|---|---|
| 01/13/2021 | 34 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Ian Yanniello on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Ian Yanniello added to party USA(pty:pla))(Yanniello, Ian) (Entered: 01/13/2021) |
| 03/30/2021 | 35 | STIPULATION to Continue Sentencing Proceeding from April 23, 2021 to May 7, 2021 filed by Defendant Kais Mohammad (Attachments: # 1 Proposed Order [PROPOSED] ORDER RE STIPULATED REQUEST FOR CONTINUANCE)(Kuyumjian, Hagop) (Entered: 03/30/2021) |
| 04/01/2021 | 36 | ORDER RE STIPULATED REQUEST FOR CONTINUANCE by Judge Josephine L. Staton as to Defendant Kais Mohammad. The Court hereby ORDERS: 1. The sentencing proceeding currently set for April 23, 2021 at 11:30 a.m. shall be continued to Friday, May 28, 2021 at 8:30 a.m. 2. Sentencing position papers, including any expert disclosures and expert reports, shall be filed with the Court no later than May 7, 2021. 3. Reply briefs to the sentencing positions shall be filed no later May 14, 2021. (lom) (Entered: 04/02/2021) |
| 04/19/2021 | 37 | SCHEDULING NOTICE by Judge Josephine L. Staton as to Defendant Kais Mohammad: The Sentencing previously scheduled for 5/28/21 at 8:30 a.m. is RESET to 9:00 a.m. *TIME CHANGE ONLY.* THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 04/19/2021) |
| 05/07/2021 | 38 | SENTENCING MEMORANDUM filed by Defendant Kais Mohammad (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Goldstein, Michael) (Entered: 05/07/2021) |
| 05/07/2021 | 39 | NOTICE of Manual Filing of Defendant's Ex Parte Application for Order Sealing Document; Declaration of Michael A. Goldstein; (2) [Proposed] Order re Defendant's Ex Parte Application for Order Sealing Document; (3) Exhibit A to Sentencing Position, the report of Nadim N. Karim, Ph.D.; (4) Exhibit B-1 to Sentencing Position, letter from Lubna Mohammad; and (5) Exhibit D to Sentencing Position, letter from Syeda Mahmuda Kabir, M.D. regarding Lubna Mohammad filed by Defendant Kais Mohammad (Goldstein, Michael) (Entered: 05/07/2021) |
| 05/08/2021 | 40 | SENTENCING MEMORANDUM filed by Plaintiff USA as to Defendant Kais Mohammad (Yanniello, Ian) (Entered: 05/08/2021) |
| 05/12/2021 | 41 | PROOF OF SERVICE of (1) DEFENDANTS EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF MICHAEL A. GOLDSTEIN; (2) ORDER RE EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; (3) SEALED EXHIBIT A REPORT OF NADIM N. KARIM, PH.D; (4) SEALED EXHIBIT B-1 LETTER FROM LUBNA MOHAMMAD; and (5) SEALED EXHIBIT D LETTER FROM SYEDA MAHMUDA KABIR, M.D., served on May 12, 2021, by Defendant Kais Mohammad (Kuyumjian, Hagop) (Entered: 05/12/2021) |
| 05/12/2021 | 42 | SEALED - DEFENDANT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF MICHAEL A. GOLDSTEIN (bm) (Entered: 05/12/2021) |

| 05/12/2021 | 43 | SEALED - ORDER RE EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 44 | SEALED - SEALED EXHIBIT A - REPORT OF NADIM N. KARIM, PH.D (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 45 | SEALED - SEALED EXHIBIT B-1 LETTER FROM LUBNA MOHAMMAD (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 46 | SEALED - EXHIBIT D - LETTER FROM SYEDA MAHMUDA KABIR, M.D. (bm) (Entered: 05/12/2021) |
| 05/14/2021 | 47 | REPLY to Sentencing Memorandum 40 , filedby Defendant Kais Mohammad (Goldstein, Michael) (Entered: 05/14/2021) |
| 05/28/2021 | 49 | MINUTES OF SENTENCING Hearing held before Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 46 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. See separate Judgment and Commitment Order. Court Reporter: Deborah Parker. (jp) (Entered: 05/28/2021) |
| 05/28/2021 | 50 | JUDGMENT AND COMMITMENT by Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 46 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. (jp) (Entered: 05/28/2021) |
| 05/28/2021 | 52 | AMENDED JUDGMENT AND COMMITMENT by Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. (jp) (Entered: 06/01/2021) |
| 09/02/2021 | 53 | EX PARTE APPLICATION for Order for TO EXTEND SURRENDER DATE Filed by Defendant Kais Mohammad. (Attachments: # 1 Proposed Order RE EX PARTE APPLICATION TO EXTEND SURRENDER DATE) (Kuyumjian, Hagop) (Entered: 09/02/2021) |
| 09/03/2021 | 54 | DENIED BY ORDER of Judge Josephine L. Staton as to Defendant Kais Mohammad, re Defendant's Ex Parte Application to Extend Surrender Date 53 . Defendant's papers offer no reason for the requested extension. (gk) (Entered: 09/07/2021) |
| 03/02/2022 | 55 | VERIFICATION OF SURRENDER as to Kais Mohammad. The defendant was ordered to self-surrender to begin serving their sentence of imprisonment on 09/07/2021. The bond may be exonerated pending the verification as to whether the defendant is being electronically monitored by the U.S. Probation Office; confined to the custody of the Bureau of Prisons; or completed their jail time. As of 3/2/2022, it was verified the defendant has surrendered to the Bureau of Prisons. Located at: Herlong FCI. (jp) (Entered: 03/02/2022) |

| 04/21/2022 | 57 | PROBATION FORM 12 as to Defendant Kais Mohammad, ORDER OF THE COURT by Judge Josephine L. Staton. (jp) (Entered: 04/22/2022) |
| 10/31/2023 | 59 | Notice to United Stated District Court Eastern District of California at Sacramento, a Transfer of Jurisdiction as to Defendant Kais Mohammad has been approved by this court. Please present the attached Probation/Supervised Release Jurisdiction Transfer-Out (Prob 22) to your court for approval. Upon approval, return the signed order with your case number to CrimIntakeCourtDocs-LA@cacd.uscourts.gov. (jp) (Entered: 10/31/2023) |
| 03/21/2024 | 60 | ORDER RE: TRANSFER OF JURISDICTION filed by Judge Josephine L. Staton as to Supervised Releasee Kais Mohammad. Case transferred to United Stated District Court Eastern District of California at Sacramento. (jp) (Entered: 03/22/2024) |
| 03/22/2024 |  | Notice to USDC, Southern District of California at Sacramento of a Transfer of Jurisdiction as to Defendant Kais Mohammad. Your case number is: 2:24-cr-00063 TLN. The clerk will transmit any restricted documents via email. If you require a copy of the financial ledger, please email your request to the Fiscal Department. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 60 Probation/Supervised Release Jurisdiction Transfer-Out (PO-22). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov. (jp) (Entered: 03/22/2024) |